UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LACI D. LINDSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:19-cv-846-PPS |
| ) | |
| ANDREW SAUL, ) | |
| Commissioner of the Social Security ) | |
| Administration ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Laci D. Lindsey appeals an administrative law judge's denial of her application for Social Security Insurance benefits. She raises four challenges to the ALJ's decision which she contends requires reversal, but I will limit my discussion to one: whether the residual functional capacity crafted by the ALJ and posed to the vocational expert in hypothetical questions included all of Lindsey's limitations. Because I find that the ALJ erred when he determined that Lindsey had moderate limitations in concentrating, persisting, or maintaining pace but then failed to capture those limitations in his RFC and in the hypothetical question posed to the VE, I will REVERSE the ALJ's decision and REMAND on this issue.

### Background

Laci Lindsey applied for disability insurance benefits on November 19, 2015,

claiming that she was disabled as of July 1, 2014. [AR 10.][1] As detailed in the ALJ's opinion, Lindsey has a host of medical issues. [AR 13-21.] Specifically, she sought benefits claiming her disabilities included neuropathy, possible multiple sclerosis, chronic obstructive pulmonary disease, diabetes, anxiety, insomnia, a pulmonary nodule, sciatic nerve damage, high blood pressure, and high cholesterol. [AR 37-38, 175, 178, 553, 1170.] Prior to 2014, Lindsey worked as a server. Since then, she works a few hours a week managing the schedule and payroll for a restaurant. [AR 46.] With respect to daily activities, Lindsey claims that she is only able to perform some light housework and cooking and relies heavily on her family. [AR 53-54.]

In his decision denying Lindsey benefits, the ALJ engaged in the required five-step sequential evaluation process to determine whether Lindsey was disabled. At step one, the ALJ considered whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). The ALJ determined that while Lindsey continues to work for a restaurant, she has not reported earnings indicative of substantial gainful activity. [AR 12.] At step two, the ALJ considered whether the claimant has a medically determinable impairment that is "severe" or a combination of impairment that are "severe." 20 C.F.R. § 404.1520(c). The ALJ determined that Lindsey had several severe impairments of chronic obstructive pulmonary disease, diabetes mellitus with polyneuropathy, bilateral L4/L5 radiculopathy, bilateral carpal tunnel syndrome, and anxiety. [AR 13.] At step

---

[1] The Administrative Record (AR) in this case is found at Docket Entry #9. Citations are to the Bates stamp page number in the lower right-hand corner of the AR.

three, the ALJ determined that Lindsey's impairment or combination of impairments does not meet or medically equal one of the applicable Social Security listings. 20 C.F.R. § 404, Subpart P, Appendix 1, 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. As to her mental functioning, the ALJ also found that Lindsey had moderate limitations in understanding, remembering or applying information; mild limitations in interacting with others; and moderate limitations in concentration, persistence or maintaining pace. [AR 14.]

The ALJ then determined Lindsey's residual functional capacity and found that she was able to perform light work with certain limitations: occasionally lifting and carrying ten pounds and less than ten pounds frequently, stand/walk for two hours our of eight, sit for six hours out of eights, never climb ladders, ropes, or scaffolds, occasionally climbing stairs/ramps, balance, stoop, kneel, stoop, crouch, and crawl, tolerate occasional exposure to humidity and respiratory irritants, and is able to understand, remember, and carry out simple, unskilled work. [AR 15.]

The ALJ posed five hypothetical questions to a vocational expert who testified that a claimant with the limitations posed in the hypotheticals could work in three of the five hypotheticals posed. The ALJ found Lindsey incapable of performing past relevant work, but able to perform other sedentary positions such as an order clerk, telephone information clerk, and (the often cited) charge account clerk. [AR 21-22.] As a result, the ALJ found that Lindsey was not disabled within the meaning of the Social Security Act and its regulations.

**Discussion**

As a district court judge, my job is not to determine whether Lindsey is disabled. Instead, my inquiry is limited to determining whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Shideler v. Astrue,* 688 F.3d 306, 310 (7th Cir. 2012). The standard of review is a modest one. As the Supreme Court has said, "substantial evidence" means more than a "scintilla" of evidence, but less than a preponderance of the evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence standard is met "if a reasonable person would accept it as adequate to support the conclusion." *Young v. Barnhart,* 362 F.3d 995, 1001 (7th Cir. 2004). If the ALJ's factual determinations are not supported by substantial evidence, then the decision should be reversed. *See* 42 U.S.C. § 405(g). My review is guided by the fact that the ALJ need not address every piece of evidence but must build a "logical bridge" between the evidence and his findings and adequately discuss the issues so that I can evaluate the validity of the agency's findings. *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010). Given this modest standard, the review is a light one, but of course I cannot "simply rubber-stamp the Commissioner's decision without a critical review of the evidence." *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000). "[T]he decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005) (quoting *Lopez ex rel. Lopez v. Barnhart,* 336 F.3d 535, 539 (7th Cir. 2003)).

Lindsey argues that the ALJ erred in how he formulated the RFC and how he questioned the vocational expert. [DE 15 at 22.] As noted above, the ALJ, when evaluating Lindsey's mental impairments at step 3, found that she had "moderate limitation in understanding, remembering, or applying information; mild limitation in concentrating, persisting, or maintaining pace . . ." [AR 14.] The ALJ arrived at that conclusion based on a variety of data points. The ALJ noted that Lindsey relies on family for her daily activities; that she has difficulty in attending to her personal needs; that she feels sad and angry; that she spends a lot of time simply lying in bed; that she has memory loss and feelings of irritability and worthlessness; that she does not finish what she starts or at least has difficulty in finishing what she starts; and that her ability to pay attention depends on the day. In addition, the ALJ specifically considered multiple medical and non-medical records, including Dr. Gopal's and Dr. Horton's psychological evaluations and Lindsey's sister's two reports. [AR 18, 20, 21, 73-85, 217-235, 256-265, 561-65, 631-720, 1091-161.] Dr. Gopal's findings included slow psychomotor activity, generalized anxiety disorder, and insomnia, but otherwise, her cognitive functions "are grossly intact" and that "[s]he can manage her funds." [AR 561-64.] Dr. Horton found that she was moderately limited in her ability to maintain attention and concentration for extended periods and no social or adaptation limitations. [AR 82-83.] The ALJ's mental findings are corroborated by the medical records which indicate that Lindsey suffers from anxiety and has moderate limitations in concentration, persistence and pace.

The problem came about when the ALJ formulated the RFC and the hypothetical questions to the VE. In his first hypothetical posed to the VE, the ALJ asked:

> [C]onsider an individual the claimant's age, education, and work experience who could lift and/or carry and push and/or pull 20 pounds occasionally and 10 pounds frequently; who could stand and/or walk for about six hours in an eight-hour day, and who could never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; who could tolerate occasional exposure to humidity and respiratory irritants such as fumes, odors, dust, gas, and poor ventilation; **who could understand, remember, and carry out unskilled work.**

[AR 62.] The issue is whether the bolded phrase above adequately captures Lindsey's "moderate difficulties with concentration, persistence, and pace." While it is certainly true that the words "concentration, persistence and pace" need not be explicitly included in the ALJ's hypothetical question, there must be some confidence that this limitation was properly incorporated in the RFC and in the hypothetical question. *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019). "[A]n ALJ must explicitly address those limitations in the hypothetical unless one of three exceptions applies: (1) the vocational expert was independently familiar with the claimant's medical file; (2) the hypothetical adequately apprised the vocational expert of the claimant's underlying medical conditions; or (3) the hypothetical otherwise accounted for the limitations using different terminology." *Lanigan v. Berryhill*, 865 F.3d 558, 565 (7th Cir. 2017). In other words, "when an ALJ finds there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the [VE] must account for these limitations." *Winsted*, 923 F.3d at 476; *see also Lanigan*, 865 F.3d at 565.

The best way to ensure the VE is aware of all the limitations is to include them in the hypothetical question. In this case, at no other point during the hypothetical questioning did the ALJ refer to Lindsey's mental condition or direct the expert to consider problems with concentration, persistence, and pace. Instead, the ALJ only added physical limitations of decreased strength and occasional reaching. [AR 62-64.] For the second hypothetical question, the ALJ asked: "consider the individual described in the first hypothetical question, but make that sedentary work. That is[,] lift and/or carry and push and/or pull 10 pounds occasionally and less than 10 pounds frequently; stand and/or walk for about two hours in an eight-hour day." [AR 62-63.] The third hypothetical added "the individual using a cane for ambulation and can frequently reach in all directions bilaterally." [AR 63.] The fourth hypothetical altered hypothetical three to "occasionally reach in all directions bilaterally." *Id.* In the final hypothetical, the ALJ removed "the need to use a cane for ambulation." [AR 64.]

The various hypotheticals posed to the VE did not account for the limitations in concentration, persistence and pace that the ALJ found to exist in Lindsey. This isn't a case where the ALJ simply used different language to express the limitations; he didn't account for the limitations at all. The only conceivable reference to those limitations is the phrase that the hypothetical person "could understand, remember, and carry out unskilled work." But that description is too vague to leave me with a comfortable feeling that the VE properly considered the extent of Lindsey's mental deficiencies.

What's more, there is no evidence the VE was independently familiar with Lindsey's medical file or adequately apprised of her underlying medical conditions.

In sum, after a review of the record, I find that the ALJ erred when he failed to account for Lindsey's mental limitation in his formulation of the RFC and the hypothetical questions posed to the VE, and none of the exceptions apply. By failing to include these limitations in hypotheticals, I cannot be confident that the limitations were properly taken into consideration. Because I am remanding this case for the reasons stated above, I need not discuss the remaining issues raised by Lindsey. She can raise those issues directly with the ALJ on remand.

There's one more matter to address: Lindsey requests that this decision be reversed and that she be immediately awarded benefits. However, an outright reversal of the ALJ's decision is not appropriate, because an award of benefits "is appropriate only if all factual issues have been resolved," *Briscoe*, 425 F.3d at 355, and where "the record can yield but one supportable conclusion." *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). However, "it may be that the evidentiary gap [can be] filled through expanded testimony from the VE about his estimates or through some other showing that there are a significant number of jobs in the economy" available to Lindsey given her limitations. *Chavez v. Berryhill*, 895 F.3d 962, 970 (7th Cir. 2018). Therefore, the case is remanded for further analysis and to resolve the factual issues.

## Conclusion

For the foregoing reasons, the decision of the ALJ denying Laci Lindsey's

application for Social Security disability benefits is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

      SO ORDERED on January 19, 2021.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT